**THIS OPINION IS A PRECEDENT OF THE T.T.A.B.**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

MBA

Mailed:  May 13, 2010

Cancellation No. 92051014

Meckatzer Löwenbräu Benedikt Weiß KG

v.

White Gold, LLC

**Before Seeherman, Bucher and Walsh, Administrative Trademark Judges**

**By the Board:**

On November 3, 2009, the Board issued an order (the "Prior Order") denying respondent's motion to dismiss the original petition for cancellation, finding, contrary to respondent's arguments, that petitioner had adequately alleged its standing.  However, the Board *sua sponte* dismissed the original petition, finding that it did not adequately allege fraud under the standards set forth in In re Bose Corp., 580 F.3d 1240, 91 USPQ2d 1938 (Fed. Cir. 2009), and allowed petitioner 30 days to file an amended petition for cancellation.  This case now comes up for consideration of respondent's motion to dismiss petitioner's first amended petition for cancellation for failure to state a claim upon which relief may be granted, filed December 29, 2009.  The motion is fully briefed.

Cancellation No. 92051014

Background

As set forth in the Prior Order, respondent owns registrations of the marks WHITE GOLD in standard characters and WHITE GOLD & Design,[1] both of which are for, *inter alia*, alcoholic beverages (the "Registrations"). Petitioner seeks to cancel the Registrations, alleging in the first amended petition for cancellation that its pending applications to register WEISS-GOLD in standard characters[2] and MECKATZER MECKATZER LÖWENBRÄU WEISS GOLD & Design[3] were refused under Section 2(d) based on respondent's Registrations. First Amended Petition for Cancellation ("FAPC") ¶¶ 1-3. Petitioner further alleges that it engaged a private investigator who

> contacted a representative for
> Respondent and a number of its U.S.
> distributors and vendors and learned
> that Respondent is using the WHITE GOLD
> and WHITE GOLD & Design marks in the
> United States only in connection with
> vodka. The investigator further learned

---

[1] Registration Nos. 3399843 and 3399844, both issued March 18, 2008 from applications filed February 17, 2006, based on dates of first use in commerce of August 2005 for "Aperitifs; orak; brandy; wine; whisky; gin; vodka; prepared alcoholic cocktails; liquers …."
[2] Application Serial No. 79025059, filed April 10, 2006 under Section 66(a) for "Beers, brewed malt-based alcoholic beverages; mineral waters, aerated waters; fruit juices, fruit juices containing crushed fruit, fruit drinks and lemonades or other carbonated soft drinks" and "Alcoholic beverages, namely, potable spirits and liquers." The English translation of "WEISS-GOLD" is "White-gold."
[3] Application Serial No. 79038317, filed February 19, 2007 under Section 66(a) for "Beers; mineral and aerated waters; other non-alcoholic drinks, namely, carbonated beverages, Non-alcoholic punch; fruit drinks and fruit juices …."

2

> that Respondent has never used the WHITE
> GOLD and WHITE GOLD & Design marks in
> the United States in connection with any
> product other than vodka.

Id. ¶ 6. As grounds for cancellation, petitioner again alleges fraud. This time, petitioner specifically alleges "[u]pon information and belief, and upon the results of the investigation" that: (1) at the time it filed Statements of Use in connection with its Registrations, respondent's involved marks "were not in use in connection with all of the goods referenced in the Statements of Use;" id. ¶ 7; and (2) "Respondent knowingly made false, material misrepresentations of fact in procuring the Registrations with the intent to defraud the U.S.P.T.O." because "Respondent knew that [its involved marks] were not in use in connection with all of the goods referenced in the Statements of Use at the time the Statements of Use were filed …." Id. ¶ 8.

Respondent's Motion and Petitioner's Response

Respondent argues that petitioner has not alleged sufficient facts for the Board to "reasonably infer that a specific individual knew of the withheld material information or of the falsity of the material misrepresentation, and withheld or misrepresented this information with a specific intent to deceive the PTO." Respondent further argues that even assuming petitioner's allegations are correct and sufficient, respondent "has not

3

obtained a registration to which it would not otherwise be entitled, since Registrant would therefore be entitled to registration at least with respect to vodka …."

In response, petitioner points out that its fraud allegations are not based solely on information and belief, but are based also on its investigation.  Furthermore, "Petitioner's pleading of fraud rests on sufficient, specific underlying facts from which the Board may reasonably infer that Respondent acted with the requisite state of mind."  Finally, petitioner argues that while In re Bose "clarified" the standards to be applied to fraud claims, it did not change the consequences of fraud when it is proved, i.e. that the fraudulently procured registration should be cancelled in its entirety.

Decision

The standard governing motions to dismiss under Fed. R. Civ. P. 12(b)(6) is set forth below:

> In order to withstand a motion to dismiss for failure to state a claim, a plaintiff need only allege such facts as would, if proved, establish that (1) the plaintiff has standing to maintain the proceedings, and (2) a valid ground exists for opposing the mark.  The pleading must be examined in its entirety, construing the allegations therein liberally, as required by Fed. R. Civ. P. 8(f), to determine whether it contains any allegations which, if proved, would entitle plaintiff to the relief, sought.  See Lipton Industries, Inc. v. Ralston Purina Co., 670 F.2d 1024, 213 USPQ 185 (CCPA 1982); Kelly

4

> Services Inc. v. Greene's Temporaries Inc., 25 USPQ2d 1460 (TTAB 1992); and TBMP §503.02 (2d. ed. rev. 2004). For purposes of determining a motion to dismiss for failure to state a claim upon which relief can be granted, all of plaintiff's well-pleaded allegations must be accepted as true, and the complaint must be construed in the light most favorable to plaintiff. See Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc., 988 F.2d 1157, 26 USPQ2d 1038 (Fed. Cir. 1993); see also 5A Wright & Miller, Federal Practice And Procedure: Civil 2d §1357 (1990). … The purpose of a Rule 12(b)(6) motion is to challenge "the legal theory of the complaint, not the sufficiency of any evidence that might be adduced" and "to eliminate actions that are fatally flawed in their legal premises and destined to fail …" Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc., supra at 26 USPQ2d 1041.

Fair Indigo LLC v. Style Conscience, 85 USPQ2d 1536, 1538 (TTAB 2007); see also, Young v. AGB Corp., 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998).

Under this standard, we find that petitioner has sufficiently alleged fraud. Its allegations are not based solely on "information and belief," but are also based on the results of an investigation which, petitioner alleges, revealed that respondent was not using its mark on all of the goods listed in its Statements of Use at the time the Statements of Use were filed. More specifically, petitioner alleges that its investigation revealed that respondent's mark was not used on any of the goods listed in its

Statements of Use, other than vodka. FAPC ¶ 6. Moreover, the FAPC, in contrast to the original petition for cancellation, specifically alleges that "Respondent knowingly made false, material misrepresentations of fact in procuring the Registrations with the intent to defraud the U.S.P.T.O." Id. ¶ 8. These allegations are sufficiently specific and particular under Fed. R. Civ. P. 9(b).

Respondent's arguments to the contrary are not well-taken. First, the question is not whether petitioner has alleged that a nonparty "specific individual" had the requisite intent, but rather whether petitioner has alleged with particularity that respondent, the defendant and owner of the subject Registrations, had the requisite intent. In re Bose Corp., 580 F.3d 1240, 91 USPQ2d at 1941 ("we hold that a trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material misrepresentation with the intent to deceive the PTO") (emphasis supplied); Exergen Corp. v. Wal-Mart Stores Inc., 575 F.3d 1312, 91 USPQ2d 1656, 1667 (Fed. Cir. 2009) ("our precedent … requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind") (emphasis supplied). We do not read In re Bose as requiring that a party identify a "specific individual" who "knew of the withheld material information or of the falsity

of the material misrepresentation, and withheld or misrepresented this information with a specific intent to deceive the PTO," as respondent argues. Second, as petitioner points out, In re Bose did not change the consequences of fraud, when it is proved. A finding of fraud with respect to a particular class of goods or services renders any resulting registration void as to that class. G&W Laboratories Inc. v. GW Pharma Ltd., 89 USPQ2d 1571, 1574 (TTAB 2009). Therefore, if petitioner proves its allegations of fraud, it will also establish that respondent obtained registrations to which it was not otherwise entitled.

Conclusion

For all of these reasons, respondent's motion to dismiss the FAPC is hereby **DENIED**. Respondent is allowed until **June 17, 2010** to file an answer to the FAPC. Proceedings herein are resumed, and discovery, disclosure, conferencing, trial and other dates are reset as follows:

| | |
|---|---|
| Time to Answer | **June 17, 2010** |
| Deadline for Discovery Conference | **July 17, 2010** |
| Discovery Opens | **July 17, 2010** |
| Initial Disclosures Due | **August 16, 2010** |
| Expert Disclosures Due | **December 14, 2010** |
| Discovery Closes | **January 13, 2011** |
| Plaintiff's Pretrial Disclosures | **February 27, 2011** |

Cancellation No. 92051014

| | |
|---|---:|
| Plaintiff's 30-day Trial Period Ends | **April 13, 2011** |
| Defendant's Pretrial Disclosures | **April 28, 2011** |
| Defendant's 30-day Trial Period Ends | **June 12, 2011** |
| Plaintiff's Rebuttal Disclosures | **June 27, 2011** |
| Plaintiff's 15-day Rebuttal Period Ends | **July 27, 2011** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

***